UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX RIVERA,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 2:23-cv-02576-JDP (HC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 11 |

    Petitioner Felix Rivera, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 arguing that, under the First Step Act ("FSA"), he has earned credits that entitle him to release. ECF No. 5 at 8-9. The government has moved to dismiss the petition, arguing that petitioner is ineligible to apply the credits earned under the FSA because he is subject to a final order of removal. ECF No. 11 at 3. Petitioner has filed an opposition. ECF No. 13. After review of the pleadings, I recommend that the government's motion to dismiss be granted.

1

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.[1]

As the government contends, prisoners subject to a final order of removal are not eligible for early release under the FSA. 18 U.S.C. § 3632(d)(4)(E)(i). And the government has provided a copy of petitioner's final order of removal. ECF No. 11-1 at 17. In his opposition, petitioner erroneously argues that the government has not produced a removal order and that they are not permitted to offer any documentary evidence into the record. ECF No. 13 at 3. These arguments are not persuasive. Petitioner has not offered any evidence that the removal order attached to the motion to dismiss is not genuine. Neither has he cited any rule or other binding authority that supports his contention that the government is not permitted to support its arguments with documentary evidence.

Accordingly, I recommend that:

1. Respondent's motion to dismiss ECF No. 11, be GRANTED and the petition be DISMISSED, judgment be entered in its favor, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

---

[1] This rule applies to petitions brought under § 2241, like the one at bar. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

1 parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __October 9, 2024__  
                                        JEREMY D. PETERSON  
                                      UNITED STATES MAGISTRATE JUDGE