UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX RIVERA,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | Case No.  2:23-cv-02576-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 11, 14) |

Petitioner Felix Rivera, a federal prisoner proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 11) the petition be granted.  (Doc. No. 14.)  Specifically, the magistrate judge concluded that the government had established that petitioner is the subject of a final order of removal and is therefore not eligible for early release under the First Step Act.  (Doc. No. 14 at 2) (citing 18 U.S.C. § 3632(d)(4)(E)(i)).  The findings and recommendations were served on all parties and contained notice that any objections to the

/////

/////

/////

1

findings and recommendations were to be filed within fourteen days after their service.[1]  Neither party has filed objections to the findings and recommendations and the time in which to do so has passed.

      The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.  Accordingly:

1. The findings and recommendations issued on October 9, 2024 (Doc. No. 14) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 11) is GRANTED and the petition is dismissed; and
3. The Clerk of the Court is directed to close this case.[2]

IT IS SO ORDERED.

Dated:  **January 24, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The docket in this action reflects that the findings and recommendations were served by mail upon petitioner at his address of record.  However, they were returned to the court as undeliverable.  According to the Bureau of Prisons inmate locator, petitioner remains in custody at the same institution identified in his address of record with the court.  In any event, it is the petitioner's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

[2] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required.  *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").